NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 13-3709 and 13-3710
_____

UNITED STATES OF AMERICA

v.

MICHAEL RUSSELL MARSICO,
                                            Appellant
_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 2-12-cr-00677-001
D.C. Criminal No. 2-13-cr-00238-001
(Honorable Paul S. Diamond)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 05, 2014

Before: HARDIMAN, SCIRICA, and ROTH, *Circuit Judges*

(Filed: August 27, 2014)

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Defendant Michael Marsico pleaded guilty to four counts of bank robbery in

violation of 18 U.S.C. § 2113(a) pursuant to a written plea agreement.  He appeals his

sentence of 120 months imprisonment on each count to be served concurrently, which was above the advisory range under the United States Sentencing Guidelines. We will affirm.[1]

## I.

On October 3, 2012, Marsico entered the Chase Bank located at 1071 North Homestead Boulevard in Homestead, Florida, and told the teller, "Give me all your money. This is a robbery. Don't make me pull out my gun." Marsico left the bank with $3,750. Bank employees positively identified Marsico from a photo array. Marsico's wife later informed the FBI that Marsico had fled the state and told her, "I'm on the run, I had to rob a bank."

Marsico fled to Pennsylvania where he committed three other robberies in Philadelphia. On October 13, 2012, Marsico robbed the Wells Fargo Bank at 2227 South Broad Street of $1,000. On October 14, 2012, he robbed the Republic Bank at 1601 Market Street of $1,590. On October 16, 2012, he robbed the TD Bank at 121 South Broad Street of $2,653. During each robbery, Marsico told branch employees that he had a gun, but he never displayed one. After each Philadelphia robbery, bank personnel identified Marsico from a photograph or a photo array.

On October 18, 2012, the FBI arrested Marsico, who provided a statement admitting to all four crimes. On October 26, 2012, a grand jury in the Southern District of Florida indicted Marsico on one count of bank robbery for the Florida robbery, in

_____

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. In addition, we have jurisdiction under 18 U.S.C. § 3742 to review Marsico's sentence.

violation of 18 U.S.C. § 2113(a). On May 14, 2013, pursuant to Federal Rule of Criminal Procedure 20, jurisdiction was transferred to the Eastern District of Pennsylvania.

On December 17, 2012, the U.S. Attorney for the Eastern District of Pennsylvania filed an information charging Marsico with one count of bank robbery, in violation of 18 U.S.C. § 2113(a). On May 16, 2013, the U.S. Attorney filed a superseding information charging Marsico with three additional counts of bank robbery for the Philadelphia robberies. On May 21, 2013, Marsico pleaded guilty to all four counts.

The Presentence Investigation Report recommended a Guidelines sentence range of 63-78 months imprisonment on each count. The PSR noted that sentencing was not impacted by the plea agreement made between the parties. In addition, the PSR described Marsico's extensive criminal history, which included six adult convictions and twenty other arrests.

At the sentencing hearing, neither party objected to the PSR. The government moved for an upward departure from the Guidelines range, which the court denied. Defense counsel argued for a sentence within the Guidelines range.

The District Court sentenced Marsico to 120 months imprisonment on each count, to be served concurrently. The court conducted a thorough analysis of the sentencing factors under 18 U.S.C. § 3553(a), concluded that the Guidelines recommendation would not be appropriate, and stated its intention to vary upward from the Guidelines. The court paid particular attention to Marsico's long criminal record. It also focused on the need for the sentence to reflect the seriousness of the offense, promote respect for the law,

provide just punishment, provide adequate deterrence to criminal conduct, and protect the public from further crimes Marsico might commit. This timely appeal followed.

## II.

Marsico challenges his sentence under 18 U.S.C. § 3742(a), contending the variance above the Guidelines range is greater than necessary and should be vacated. He argues the District Court erred because the upward variance was both procedurally and substantively unreasonable. We disagree.

We follow a two-step process to review federal sentences. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we ensure the sentencing court committed no procedural error, such as miscalculating or failing to calculate the Guidelines range. *Id.* Second, we consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. *Id.* At both stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). The abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries. *Id.*

We determine whether the sentence is procedurally sound and falls within a broad range of the Guidelines. *Id.* The District Court must apply the § 3553(a) factors reasonably to the facts of the case in order for the sentence to be substantively reasonable. *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007) (internal citation omitted). A sentence is reasonable if "the record as a whole reflects rational and meaningful consideration of the [statutory sentencing] factors." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006) (internal quotation marks and citation omitted).

"[W]e cannot presume that a sentence is unreasonable simply because it falls outside the advisory Guidelines range." *Tomko*, 562 F.3d at 567 (internal citation omitted). The sentencing court must meaningfully consider the sentencing arguments and provide a sufficient statement to allow appellate review. *United States v. Merced*, 603 F.3d 203, 215-16 (3d Cir. 2010). We will not reverse a sentence as substantively unreasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

Marsico fails to demonstrate procedural and substantive unreasonableness. First, he points to no grounds on which his sentence was procedurally unreasonable. Although Marsico claims the court failed to properly explain his sentence, the District Court imposed an upward variance after a thorough analysis of the § 3553(a) factors. The court concluded that the Guidelines range of 63-78 months per count was insufficient and an upward variance was warranted because of Marsico's extensive criminal record, the seriousness of the offenses, and the need to promote respect for the law, provide just punishment, protect the public from further crimes Marsico may commit, and provide Marsico with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a). The District Court meaningfully considered the sentencing factors and provided an explanation sufficient for our review.

Second, Marsico cannot demonstrate his sentence was substantively unreasonable. Since a sentence is not unreasonable simply because it falls outside the Guidelines range,

5

we look to the District Court's analysis of the sentence's substantive reasonableness. *See Gall*, 552 U.S. at 51. The District Court analyzed the § 3553(a) factors and imposed an upward variance. In particular, the court considered Marsico's long and serious criminal history, including four prior bank robbery convictions in 1996 that resulted in a sentence of 156 months imprisonment and three years supervised release. Moreover, his post-release supervision was revoked twice due to drug abuse. In light of these factors, we conclude that the imposition of an upward variance in this case was substantively reasonable.

Accordingly, we discern no abuse of discretion in the District Court's analysis of the § 3553(a) factors on the procedural or substantive reasonableness challenges.

## III.

For the foregoing reasons, we will affirm the judgments of conviction and sentence.